IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THOMAS HARRISON**                                                             **PETITIONER**

**V.**                                       **CIVIL ACTION NO. 3:20CV315 CWR-LGI**

**WARDEN VERREN**                                               **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Thomas Harrison brings the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Harrison is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo) serving a 36-month term of imprisonment for drug related offenses. Petitioner alleges that disciplinary proceedings, resulting in the loss of good-conduct credit, violated his due process rights and the Federal Bureau of Prisons (BOP) regulations. Respondent asserts that the petition should be denied because all due process requirements were met, and sufficient evidence supports the sanctions imposed. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed.

During a random search of Petitioner's cell on June 5, 2019, a bottle filled with a clear liquid substance was discovered in an unsecured locker. The substance subsequently testified positive for the presence of intoxicants. On June 6, 2019, Petitioner received a copy of the incident report charging him with violating Disciplinary Code 103, Possession of Intoxicants. Petitioner acknowledged that "the item was his,"

and was advised of his rights to a disciplinary hearing, including the right to a staff representative and the right to present witnesses on his behalf. He declined both, however.

Upon reviewing the incident report, the Unit Disciplinary Committee ("UDC") referred the matter to the Disciplinary Hearing Officer (DHO) for a hearing, which was held on June 20, 2019. The DHO found that the greater weight of the evidence, including Petitioner's confession, established a Code 113 violation. Petitioner was sanctioned with a disallowance of 41 days of good-conduct time, 30 days of disciplinary segregation, and 6 months loss of commissary privileges.

After exhausting his administrative remedies, Petitioner filed the instant petition alleging that his due process rights were violated during the disciplinary proceedings. Though not asserted in the disciplinary proceedings, Petitioner claims that his due process rights were violated because the reporting officer failed to indicate in "whose locker the alleged intoxicants were found." He also alleges that he was not allowed to call his cellmate and the reporting officer—the "only two witnesses that would have been vital during the hearing.'" As grounds for relief, he requests that the incident report be expunged, and that his good-conduct time be restored.

## Discussion

It is well-settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment. *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, prison disciplinary proceedings are not a part of a criminal prosecution, so a prisoner is not

afforded the full panoply of rights in such proceedings. *Id.* at 566. The evidence here reflects that Petitioner received all the procedural due process to which he was entitled. He was given (1) advance written notice of the charges at least 24 hours prior to the proceedings; (2) the opportunity to have assistance from a staff representative; (3) the opportunity to present documentary evidence and call witnesses in his defense; and, (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *Martinez v. Young*, 653 F. App'x 835, 836 (5th Cir. 2016) (citing *Wolff*, 418 U.S. at 563–70).

Petitioner's contentions to the contrary are unavailing. Though he denies that he was afforded the opportunity to present witnesses on his behalf, he has not presented any evidence to substantiate this claim. In contrast, the DHO notes in her report that, prior to the disciplinary hearing, she confirmed that "the inmate received a copy of the incident report; did not want a staff representative; did not want to call witnesses[;] … understood his due process rights[;] and was ready to proceed with the disciplinary process." Due process did not require more. Petitioner's conclusory allegations and unsubstantiated assertions to the contrary are insufficient.

Moreover, due process is satisfied if there is "at least 'some basis in fact' or a 'modicum of evidence' to support the disciplinary conviction.'" *Superintendent, Massachusetts Corr. Inst. v. Hill,* 472 U.S. 445, 454–56, (1985). The relevant inquiry is whether there is any evidence in the record that could support the disciplinary decision. *Hill*, 105 S.Ct. 2768, 2774, 472 U.S. 445, 455–56 (U.S.,1985). Such evidence exists here.

3

Though Petitioner maintains that his due process rights were violated because officials failed to confirm in "whose locker the alleged intoxicants were found," the DHO explained that she not only "drew [an] adverse inference toward the inmate for declining to address the charge" at the disciplinary hearing, but she considered the fact that Petitioner "admitted ownership of the contraband to the investigator on 6/5/2020."  Even in the absence of Petitioner's admission, however, the fact that the contraband was found in his cell constitutes "some evidence" of his guilt.  Courts have found that constructive possession provides sufficient evidence to satisfy the "some evidence" standard in the context of prison disciplinary proceedings, if relatively few inmates have access to the area where the contraband was found.  *See, e.g.*, *McClung v. Hollingsworth*, No. 06-6699, 2007 WL 1225946, at *3 (4th Cir. Apr. 26, 2007) (contraband found in cell that was the exclusive domain of the petitioner and his cell mate established constructive possession); *Santiago v. Nash*, 224 F. App'x 175, 177 (3d Cir. 2007) ("[T]he 'some evidence' standard may be satisfied by application of the constructive possession doctrine in limited circumstances where a small number of inmates are potentially guilty of the offense charged." *Thompson v. Hawk*, 978 F. Supp. 1421, 1423 (D. Kan. 1997) (constructive possession rule, under which in inmate is responsible for anything found in his cell absent sufficient exculpatory evidence, satisfies "some evidence" standard); *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (constructive possession provides some evidence of guilt where only two inmates had access to the contraband).  Relevant here, Petitioner has not contended that anyone other than his cellmate had access to his cell or the unsecured locker where the contraband was found.  Conversely, the evidence before

4

the DHO included the reporting officer's report; photographs of the contraband; test results confirming the contraband had a positive reading on the Alco-Sensor III, and Petitioner's own admission that the contraband was, in fact, his.

In sum, the undersigned finds nothing of record to substantiate Petitioner's allegation that his disciplinary hearing failed to comport with due process, or that the evidence was insufficient to support his conviction. "Revocation of good time credits is not comparable to a criminal conviction. . . ," *Hill* 472 U.S. at 455. "[O]nly where there is *no evidence whatsoever* to support the decision of the prison officials," will prison disciplinary hearings be overturned. *Kapordelis v. Myers*, 16 F.4th 1195, 1200 (5th Cir. 2021) (citation and internal quotation marks omitted) (emphasis added by Fifth Circuit). As the record here demonstrates that there was at least some evidence to support the finding of guilt, the DHO's finding should not be disturbed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted on November 4, 2022.

s/ LaKeysha Greer Isaac<br>UNITED STATES MAGISTRATE JUDGE